# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF RKANSAS
# CENTRAL DIVISION

**KEITH LAMONT FRAZIER**                                                                                   **PLAINTIFF**

**v.**                                  **CASE NO. 4:25-CV-00624-BSM**

**DOE,** *et al.*                                                                                           **DEFENDANTS**

## ORDER

Keith Frazier timely amended his complaint [Doc. No. 14], and it must be screened. *See* 28 U.S.C. § 1915(e)(2); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Frazier's second amended complaint [Doc. No. 14] is dismissed without prejudice for failure to state a claim and his motion for service [Doc. No. 22] is denied as moot.

Frazier is suing a Doe United States Marshal, District Judge Lee Rudofsky, Assistant United States Attorney Shannon Smith, and United States Marshal Brandon Shaw for criminally conspiring to violate his rights. Doc. No. 14 at 1. He is seeking $3,000,000 for being treated unfairly by Judge Rudofsky and court staff. *See Frazier v. City of Alexander*, Case No. 4:25-cv-338-LPR (E.D. Ark), Doc. No. 14 at 6.

Frazier alleges that his "constitutional right to travel" under the Fourth Amendment was violated when courthouse security and marshals issued a be-on-the-lookout ("BOLO") alert for him. Doc. No. 14 at 3-4. He claims the Doe Marshal assaulted and battered him by unlawfully grabbing his elbow during their conversation *Id*. Frazier also alleges that this was witness tampering. *Id.*

Frazier's claims against Judge Rudofsky were dismissed in the screening of his initial

complaint. Doc. No. 7. Frazier was granted leave to amend his complaint to more adequately allege his claims against the Doe Marshal. *Id*. Despite that instruction, Frazier again challenges Judge Rudofsky's judicial authority and suggests AUSA Smith is "guilty of protectionist racketeering to save Judge . . . Rudofsky." *Id*. at 6. Frazier cites to a number of federal criminal statutes as governing his claims; however, statutes do not apply because they do not provide individual citizens with a private right of action. Doc. 14 at 1; *see* Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Similarly, Frazier's citation to an Arkansas Supreme Court opinion governing Arkansas judges does not govern Judge Rudofsky, a federal judge.

The previous ruling that Judge Rudofsky is absolutely immune from suit remains in effect. Doc. No. 7 at 3 (relying on *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (judges are immune from suit, except for non-judicial actions or for actions taken absent all jurisdiction); and *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) (judges are immune from suit when carrying out their judicial functions)). Any claims Frazier has against Smith are dismissed because she is also absolutely immune in her charging decisions. *See Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016).

Frazier's claims against the Doe Marshal and U.S. Marshal Shaw are dismissed because he has failed to state a claim upon which relief can be granted. *See Farah v. Weyker*, 926 F.3d 492, 497-98 (8th Cir. 2019) (analyzing the three types of claims recognized under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). His assertion that he has a constitutional right to travel freely around the courthouse is

unfounded. He has also offered no support for his claim that his rights were violated when courthouse security issued the BOLO. Moreover, Frazier admits that he was allowed to conduct his business in the Clerk's Office and to speak with Judge Rudofsky's staff. These are the two reasons he was at the courthouse. And nothing indicates that he was ever detained. Marshal Shaw can also be dismissed because he is not liable for the conduct of others. This is especially true here because Frazier suggests that Shaw calmed the situation. Doc. No. 14 at 4; *Street v. Leyshock*, 41 F.4th 987, 989 (8th Cir. 2022).

Even if the Doe Marshal grabbed Frazier's elbow when Frazier raised his hand to explain a point, this is not a constitutional violation, and it was certainly not witness tampering. To the extent that Frazier suggests that he was subjected to excessive force, that claim fails because the Doe Marshal used *de minimus* force, which is insufficient to support an excessive force claim. *Robinson v. Hawkins*, 937 F.3d 1128, 1136 (8th Cir. 2019). Frazier did not report any injury or discomfort and plainly was more annoyed than injured. Finally, Frazier's use of the terms "assault and battery" to describe the event does convert his claim to one recognized by the Federal Tort Claim Act.

For all of these reasons, this case is dismissed without prejudice, and an *in forma pauperis* appeal from this order and accompanying judgment would not be taken in good faith. 28 U.S.C. §1915(a)(3).

IT IS SO ORDERED this 31st day of October, 2025.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE